**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2907
_____

ANTHONY T. DOWELL,
Appellant

v.

Dr. LAUREL R. HARRY, Secretary of Corrections; Mr. JAMES BARNACLE, Director
of the Office of Special Investigation & Intelligence; Mrs. DORINA VARNER, Chief
Grievance Coordinator, Secretary Office of Inmate Grievance & Appeal; Mrs. KERI
MOORE, Assistant Grievance Officer; Mr. J. RIVELLO, Superintendent at SCI
Huntingdon; Mrs. A. WAKEFIELD, Facility Grievance Coordinator at SCI Huntingdon;
LT. J.J. LOPEZ, Area Lieutenant (Property) & Initially Assigned Grievance Officer at
SCI Huntingdon; Mr. MICHAEL GOURLEY, Superintendent at SCI Camp Hill; Mrs.
TONYA HEIST, Facility Grievance Coordinator at SCI Camp Hill; LT. J. SCHRADER,
Area Lieutenant & Initially Assigned Grievance Officer at SCI Camp Hill; LT. B.
HOERNER, Area Lieutenant Receiving Room at SCI Camp Hill

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:25-cv-01388)
District Judge: Honorable Keli M. Neary

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 14, 2026

Before: KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed July 16, 2026)

_____

OPINION[*]

_____

PER CURIAM

Anthony T. Dowell, proceeding pro se, appeals from an order of the United States

District Court for the Middle District of Pennsylvania dismissing his civil rights

complaint on statute of limitations grounds.  We will vacate and remand for further

proceedings.

In a complaint dated July 17, 2025, and docketed in the District Court on July 28,

2025, Dowell alleged that prison officials tampered with and confiscated personal

property shipped from SCI-Huntingdon to SCI-Camp Hill.  He claimed that the

interference with his property occurred on January 19, 2023.[1]  He named as defendants

the Pennsylvania Secretary of Corrections, the Pennsylvania Department of Corrections

(DOC), and several employees of SCI-Huntingdon and SCI-Camp Hill.

The District Court sua sponte dismissed the complaint with prejudice pursuant to

28 U.S.C. §§ 1915(e)(2) and 1915A, concluding that Dowell's complaint was untimely

filed.  Although the District Court deemed the complaint filed on the date that Dowell

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.
[1] Dowell also suggested that the defendants improperly adjudicated multiple grievances
and appeals related to the confiscation of his property.  The District Court did not address
that putative claim, and Dowell has not addressed the issue in his opening brief.  *See In re
Wettach*, 811 F.3d 99, 115 (3d Cir. 2016) (noting that arguments not developed in an
appellant's opening brief are forfeited); *cf. Massey v. Helman*, 259 F.3d 641, 647 (7th
Cir. 2001) (explaining that a prison official's mishandling of a grievance does not itself
violate a constitutional right).

submitted it to prison officials for mailing and concluded the statute of limitations was tolled while Dowell exhausted his administrative remedies, it still found that the complaint was filed 38 days past the end of the two-year limitations period for actions brought in Pennsylvania under 42 U.S.C. § 1983. Without providing Dowell with an opportunity to amend the complaint, the District Court further determined that "Dowell has also not presented any basis for equitable tolling." (ECF 7, at 6.) Dowell timely appealed.

We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over the District Court's sua sponte dismissal of Dowell's complaint. *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). Although the statute of limitations is an affirmative defense that ordinarily must be pleaded and is subject to waiver, *see Chainey v. Street*, 523 F.3d 200, 209 (3d Cir. 2008), untimeliness can justify sua sponte dismissal where "it is clear from the face of the complaint that there are no meritorious tolling issues, or the court has provided the plaintiff notice and an opportunity to be heard on the issue." *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009); *see also Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (explaining that a complaint whose allegations show that they are clearly time-barred is subject to dismissal for failure to state a claim).

Pennsylvania's statute of limitations requires a plaintiff to bring a § 1983 claim within two years of its accrual. *See Moore v. Walton*, 96 F.4th 616, 622 (3d Cir. 2024) (citing 42 Pa. Cons. Stat. § 5524(7)). But because the Prison Litigation Reform Act ("PLRA") requires inmates to first exhaust all administrative remedies before challenging their conditions of confinement in federal court, *see Prater v. Dep't of Corr.*, 76 F.4th

3

184, 203 (3d Cir. 2023) (citing 42 U.S.C. § 1997e(a)), we have held that the "PLRA is a statutory prohibition that tolls Pennsylvania's statute of limitations while a prisoner exhausts administrative remedies[.]" *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015).

The District Court tolled the statute of limitations during the period that Dowell attempted to exhaust his administrative remedies. Although it is not clear from the complaint when Dowell filed his initial grievance, we will, like the District Court, deem the initial grievance filed on the same date that Dowell's property was confiscated, thereby providing him with the maximum amount of tolling under *Pearson*. Even starting the tolling period on that date, however, Dowell's complaint was dated more than two years after the DOC rejected his final grievance on June 7, 2023. *See id.*; *Houston v. Lack*, 487 U.S. 266, 276 (1988).

The statute of limitations is also subject to equitable tolling. Equitable tolling is only appropriate "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Santos ex rel. Beato v. United State*s, 559 F.3d 189, 197 (3d Cir. 2009) (citation modified). The plaintiff must also show that she "exercised due diligence in pursuing and preserving her claim." *Id.*

The District Court concluded that "Dowell has also not presented any basis for equitable tolling of the limitations period." But the District Court did not provide Dowell an opportunity to respond before dismissing the complaint, and it is not clear that

4

equitable tolling is unavailable.  In a letter filed in the District Court after the dismissal of his complaint, Dowell indicated that he initially submitted his complaint on June 4, 2025, but that the Clerk returned it to him because the first page of the complaint was missing. That contention is indirectly supported by documents attached to Dowell's notice of appeal.  In particular, Dowell submitted a "Cash Slip" dated June 4, 2025, wherein he asked that postage be deducted from his prison account to pay for legal mail addressed to the United States District Court for the Middle District of Pennsylvania.  He also included a June 26, 2025, letter to him from the Clerk of the District Court, explaining that it was "unable to process the document as it is not a complete complaint as the first page of the complaint is missing."[2]  Three weeks later, Dowell, who has "serious difficulties reading a newspaper" and has paid other inmates to prepare his legal filings, resubmitted a complete complaint.  (ECF 15, at 1-2.)  Dowell has repeated these assertions in his brief on appeal.  Appellant's Br., at 40 of 45.  These circumstances create a question whether the statute of limitations can be equitably tolled.  Thus, sua sponte dismissal of the complaint was unwarranted.  *See Jaworowski v. Ciasulli*, 490 F.3d 331, 336 (3d Cir. 2007) ("Because this calculus is necessarily fact-sensitive, whether it is appropriate to equitably toll the statute of limitations in this action should be determined by the District Court in the first instance.").

---

[2] Dowell alleged that the first page was not missing from his submission , and he emphasized that, pursuant to Federal Rule of Civil Procedure 5(d)(4), the "clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice."  *See* Appellant's Br., at 40 of 45.

Accordingly, we will vacate the District Court's judgment and remand for further proceedings.